## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY ABBOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:07MC517-DJS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Gregory Abbott has filed the instant motion to return property pursuant to Fed.R.Crim.P. 41(g) (formerly 41(e)), which provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return...The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The undisputed facts relevant to the motion are as follows. On August 19, 2006, upon returning to his vehicle in the parking garage at the Gateway Arch, located within the National Park Service's Jefferson National Expansion Memorial, Abbott was approached by a federal law enforcement official and cited for open containers of alcohol in a vehicle, based on empty beer cans seen in the bed of Abbott's pickup truck. When Abbott disclosed that he had a .38 caliber handgun stored in the truck, the firearm was

seized and Abbott was cited for possession of a firearm in a federal facility.

The citations were resolved by Abbott's agreement to pay a "settlement fine" of $250. The United States Attorney's proposal as to the fine, apparently accepted by Abbott's later payment of the proposed amount, states that the fine would be "on" the firearm citation and that the open container citation would be dismissed. Abbott's Exh. D [Doc. #1-8]. The November 14, 2006 letter offering the settlement proposal states the policy of the United States Attorney's Office "that any weapon seized on federal property will not be returned." Id. The Clerk's Office receipt dated April 3, 2007 reflects Abbott's payment of the $250 fine. Subsequently, by letter dated August 1, Abbott's counsel questioned the validity of the policy and sought the return of the firearm to his client. Abbott's Exh. E [Doc. #1-9]. When that inquiry was unsuccessful, the instant motion for return of the property was filed.

Abbott contends that the seizure of the firearm was unlawful because the Arch garage lacked the posted notice of the prohibition that federal statute requires. Title 18 U.S.C. §930(h) provides that "no person shall be convicted" of an offense for possession of a firearm in a federal facility in the absence of a notice of the ban "posted conspicuously at each public entrance to" the facility. In any event, no proceedings remain pending as to which the firearm might be used in evidence or sought in forfeiture. Abbott alleges that he is the lawful owner of the gun,

2

that it does not constitute contraband, and that there exists no lawful basis for the gun's retention by the government. In opposition, the government contends that Abbott accepted terms of settlement of the two citations which included the government's retention of the weapon, and that the effort to recover the gun is untimely and in violation of the parties' agreement for disposition of the two petty offense citations. In reply, Abbott argues that the government's settlement proposal did not contemplate its retention of the weapon as a term of settlement, but merely stated its intention not to return the gun as a policy of the prosecutor's office.

Abbott's arguments concerning the legitimacy of enforcement of the firearm ban when not posted on the premises are unavailing at this juncture, after his settlement of the related citation by the payment of the fine. Neither party has offered evidence on the issue of Abbott's lawful ownership of the weapon, but the burden on that issue falls upon the government if it seeks to deprive Abbott of property on that basis. Finally, upon careful consideration of the structure and wording of the government's November 14 letter, the Court is persuaded that forfeiture of the weapon was not stated as a condition of the settlement proposal, and neither was Abbott's acceptance of the government's policy of retaining seized weapons. Further, the record reflects Abbott's stated disagreement with the policy's application in his case several times after receipt of the November 14 letter in which the

policy was noted.  Abbott's payment of the proposed fine in settlement of the firearm citation did not constitute an agreement to the forfeiture of the gun.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion for return of property [Doc. #1] is granted.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the United States shall promptly return to the custody of Gregory Abbott or his attorneys the .38 caliber Colt "Cobra" firearm seized from Mr. Abbott's vehicle on August 19, 2006, as reflected in Violation Notice P 0346788.

Dated this ___6th___ day of February, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE